UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEGAS BRAY,<br><br>                      Petitioner,<br><br>v.<br><br>J. ESPINOZA, Warden, et al.,<br><br>                      Respondents. | Case No.: 18-CV-1169 JLS (MBS)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION, (2) DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND (3) DENYING CERTIFICATE OF APPEALABILITY**<br><br>(ECF Nos. 1, 11) |

Presently before the Court is Magistrate Judge Michael S. Berg's Report and Recommendation ("R&R," ECF No. 11), recommending that the Court dismiss Petitioner Vegas Bray's Petition for Writ of Habeas Corpus ("Pet.," ECF No. 1). Petitioner did not file any objections to the R&R. Having considered the Petition, Magistrate Judge Berg's R&R, the state court record, and the law, the Court **ADOPTS** Magistrate Judge Berg's R&R in its entirety, **DENIES** the Petition, and **DENIES** Petitioner a certificate of appealability ("COA").

## BACKGROUND

Magistrate Judge Berg's R&R contains a thorough and accurate recitation of the factual and procedural history underlying the instant Petition. *See* R&R at 2–5. This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's report and recommendation. The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). In the absence of timely objection, however, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

Petitioner, who was convicted of first-degree murder, *see* R&R at 4 (citing ECF No. 8-9 at 996), raises a single ground for relief in her Petition, namely, that the trial court committed prejudicial error by failing properly to instruct the jury on the lesser included offense of involuntary manslaughter. *See id.* at 7 (citing Pet. at 2, 6, 25–41).

Magistrate Judge Berg concludes that "the California Court of Appeal's denial of the Petitioner's jury instruction claim was neither contrary to, nor an unreasonable application of, clearly established federal law" and, "[f]urther, based on review of the entire record, the state court's decision was not based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding." *Id.* at 17 (citing 28 U.S.C. §§ 2254(d)(1)–(2)). He therefore recommends that the Court deny the Petition on several grounds. *See id.* at 9–17.

First, Magistrate Judge Berg concludes that, "[t]o the extent that Petitioner claims that the state trial court violated state law when it did not properly instruct the jury on the lesser included offense of involuntary manslaughter, the claim is not subject to federal habeas review." *Id.* at 9 (citing *Estelle v. Maguire*, 502 U.S. 62, 67–68 (1991)).

Second, "[t]o the extent that Petitioner contends that the trial court's alleged failure to properly instruct the jury on the lesser included offense of involuntary manslaughter violated her federal constitutional rights, . . . [t]here is no clearly established federal law . . . because the United States Supreme Court expressly declined to rule on whether a trial court's failure to instruct on a lesser included offense in a non-capital case violates the federal constitution." *Id.* at 10 (citing *Beck v. Alabama*, 447 U.S. 625, 638 n.14 (1980); *Powell v. Hatcher*, 407 F. App'x. 226, 227 (9th Cir. 2011); *United States v. Rivera-Alonzo*, 584 F.3d 829, 834 n.3 (9th Cir. 2009)). Accordingly, Magistrate Judge Berg finds that "[h]abeas relief is not available . . . because the Court cannot find that the state appellate court 'unreasonabl[y] appli[ed] . . . clearly established Federal law, as determined by the Supreme Court of the United States.'" *Id.* (citing 28 U.S.C. § 2254(d); *Beck*, 447 U.S. at 638 n.14).

Finally, to the extent Petitioner contends that the failure to provide a proper involuntary manslaughter instruction violated her due process rights by denying her "a meaningful opportunity to present a full defense," *see id.* at 11 (quoting *Bradley v. Duncan*, 315 F.3d 1091, 1098–99 (9th Cir. 2002)), Magistrate Judge Berg concludes that, "[u]nder the facts presented here, the modified jury instruction given by the trial judge did not 'so infect[] the entire trial that the resulting conviction violates due process.'" *Id.* at 17 (quoting *Estelle*, 502 U.S. at 72). As an initial matter, "Petitioner's theory that she dissociated as a result of her mental illness and therefore lacked the necessary capacity to commit murder appears to be explicitly addressed in the modified[, allegedly deficient] instruction's language." *Id.* at 15. Further, "even if the trial court erred by omitting a portion of the involuntary manslaughter jury instruction, the error was harmless[] because there was no substantial or injurious influence on the jury's verdict" in light of "the California Court of Appeal['s] determin[ation that] there is no reasonable basis for assuming that . . . the verdict would have been different[] given that the jury found that Petitioner premediated the killing and acted with express malice." *Id.* at 1516 (citing *Barao v. Frauenheim*, No. 2:15-cv-00098-JKS, 2016 WL 146235, at *8–9 (E.D. Cal. Jan. 13,

2016); *Williams-Cook v. Yates*, No. 09-CV-2643-H (AJB), 2010 WL 3768113, at *5–7 (S.D. Cal. Sept. 21, 2010)).

Because Petitioner failed timely to object to Magistrate Judge Berg's R&R, *see* R&R at 17 (directing that any objections be filed by February 28, 2020), the Court reviews the R&R for clear error. Having reviewed the R&R, the Court finds that it is well reasoned and contains no clear error. Accordingly, the Court **ADOPTS** in its entirety Magistrate Judge Bergs's R&R (ECF No. 11) and **DENIES** the Petition (ECF No. 1).

## CERTIFICATE OF APPEALABILITY

The Court also is obliged to determine whether to issue a COA in this proceeding. A COA is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Because the Court finds that no reasonable jurist would find it debatable whether the Court was correct in its determination that Petitioner is not entitled to federal habeas corpus relief, the questions presented by the Petition do not warrant further proceedings. Accordingly, the Court **DENIES** a COA.

/ / /
/ / /
/ / /
/ / /
/ / /

## CONCLUSION

In light of the foregoing, the Court **ADOPTS** Magistrate Judge Berg's R&R in its entirety (ECF No. 11), **DENIES** the Petition (ECF No. 1), and **DENIES** a certificate of appealability. Accordingly, the Clerk of Court **SHALL ENTER** Judgment denying the Petition and **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: June 26, 2020

Hon. Janis L. Sammartino
United States District Judge